UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-20978-CIV-MARTINEZ/BANDSTRA

MONEYGRAM PAYMENT SYSTEMS, INC.,

       Plaintiff,

v.

PRONTO CASH OF FLORIDA, INC., PRONTO
CASH OF GEORGIA, INC., ADAM SEGAN,
JUDITH SEGAN, and BANCO POPULAR
NORTH AMERICA,

       Defendants.
_____/

**PLAINTIFF MONEYGRAM PAYMENT SYSTEMS, INC.'S MEMORANDUM
OF LAW IN OPPOSITION TO BANCO
POPULAR NORTH AMERICA'S MOTION TO DISMISS**

       Plaintiff MoneyGram Payment Systems, Inc. ("MoneyGram") submits this memorandum of law in opposition to the motion filed by Defendant Banco Popular North America ("Banco Popular") seeking to dismiss the counts alleged against it in MoneyGram's Complaint.

**INTRODUCTION**

       Banco Popular seeks to dismiss MoneyGram's claims for declaratory judgment (Count X) and for the imposition of a constructive trust (Count XI). MoneyGram, however, has properly alleged these two claims. Accordingly, this Court should deny Banco Popular's motion. In the alternative, the Court should grant dismissal without prejudice to allow MoneyGram an opportunity to submit a memorandum of law in

support of its Alternative Motion for Leave to Amend the Complaint, filed contemporaneously herewith.

## SUMMARY OF RELEVANT FACTS

MoneyGram entered into a written trust agreement with each of Defendant Pronto Cash of Florida, Inc. ("Pronto Florida") and Defendant Pronto Cash of Georgia, Inc. ("Pronto Georgia") (the trust agreements will hereinafter be referenced as the "Pronto Florida Trust Agreement" and the "Pronto Georgia Trust Agreement," respectively). (Compl. ¶¶ 8, 11.) Under these trust agreements, MoneyGram authorized Pronto Florida and Pronto Georgia to sell MoneyGram's money orders to consumers. (*Id.*) Pronto Florida agreed to hold the funds collected from consumers in payment for the money orders in trust for the benefit of MoneyGram (the "Pronto Florida Trust Funds") and agreed to periodically remit those funds to MoneyGram. (*Id.* ¶¶ 8, 9.) Likewise, Pronto Georgia agreed to hold the funds collected from consumers in payment for the money orders in trust for the benefit of MoneyGram (the "Pronto Georgia Trust Funds") and agreed to periodically remit those funds to MoneyGram. (*Id.* ¶¶ 11, 12.) Both Pronto Florida and Pronto Georgia were required to maintain separate accounts to hold the Pronto Florida Trust Funds and the Pronto Georgia Trust Funds, respectively. (*Id.* ¶ 9, 12.) Further, to secure Pronto Florida and Pronto Georgia's obligations under the trust agreements, each granted MoneyGram a security interest in substantially all of their personal property (the "Pronto Florida Collateral" and the "Pronto Georgia Collateral," respectively). (*Id.* ¶¶ 10, 13.)

Defendants Adam Segan and Judith Segan (collectively, the "Segans") each executed guaranties at or about the same time that the Pronto Florida Trust Agreement and the Pronto Georgia Trust Agreement were executed. (*Id.* ¶ 14, 15.) Under the guaranties, the Segans jointly and severally unconditionally guaranteed to MoneyGram the full performance of the Pronto Florida Trust Agreement by Pronto Florida and the Pronto Georgia Trust Agreement by Pronto Georgia. (*Id.*)

Pronto Florida, Pronto Georgia, or one or more of the Segans maintained various deposit accounts at Banco Popular into which the business funds of Pronto Florida and Pronto Georgia were deposited. (*Id.* ¶¶ 16, 21.) Some or all of the Pronto Florida Trust Funds and Pronto Georgia Trust Funds were commingled with the general funds of Pronto Florida and Pronto Georgia in the accounts at Banco Popular. (*Id.* ¶¶ 17, 22.) Such commingling breached provisions in the Pronto Florida Trust Agreement and the Pronto Georgia Trust Agreement that required trust funds to be kept separate from other funds. (*See id.* ¶¶ 9, 12.) Banco Popular knew or had reason to know that the funds deposited in the various deposit accounts maintained by Pronto Georgia, Pronto Florida, or the Segans included Pronto Florida Trust Funds and/or Pronto Georgia Trust Funds that were the property of MoneyGram. (*Id.* ¶¶ 20, 23.)

In a separate criminal forfeiture action involving violations of federal law that are not at issue here, the United States of America seized various deposit accounts maintained by one or more of Pronto Florida, Pronto Georgia, the Segans, or affiliates of the foregoing at Banco Popular. (*Id.* ¶ 24, 25.) Subsequently, Banco Popular unilaterally froze all remaining deposit accounts maintained by Pronto Florida, Pronto Georgia, the

- 3 -

Segans, or affiliates of the foregoing at Banco Popular that were not seized (the "Frozen Accounts"). (*Id.* ¶ 26.) One or more of the Frozen Accounts contains Pronto Florida Trust Funds or Pronto Georgia Trust Funds which are the property of MoneyGram, or contains proceeds of Pronto Florida Collateral or Pronto Georgia Collateral which are subject to a security interest in favor of MoneyGram. (*Id.* ¶¶ 28-29, 31-32.)

On April 16, 2007, MoneyGram served its Complaint on Pronto Florida, Pronto Georgia, the Segans, and Banco Popular. (Notices of Proof of Service, ECF docket # 11 & 13.) As to Pronto Florida and Pronto Georgia, MoneyGram asserts the following: breach of contract (Counts I and IV), accounting (Counts II and V), replevin (Counts III and VI), and unjust enrichment and constructive trust (Count IX). (Compl. at 9-13, 14-15.) As to the Segans, MoneyGram asserts the following: breach of contract (Counts VII and VIII) and unjust enrichment and constructive trust (Count IX). (*Id.* at 13-15.) Finally, as to Banco Popular, MoneyGram seeks a declaratory judgment declaring the priority and interest of, including the amounts due to, MoneyGram and Banco Popular in the Pronto Florida Collateral and the Pronto Florida Trust Funds (Count X). (Id. at 15.) MoneyGram also seeks to impose a constructive trust over the Frozen Accounts at Banco Popular to the extent that they contain Pronto Florida Trust Funds and Pronto Georgia Trust Funds (Count XI). (*Id.* 15-16.)

## ARGUMENT

### I.   Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the facts stated in MoneyGram's Complaint and all

reasonable inferences therefrom.  *See Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994).  Moreover, the Court must view the Complaint in the light most favorable to MoneyGram.  *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998).  The Complaint is sufficiently plead so long as it "shows that [MoneyGram] is entitled to any relief which the [C]ourt can grant, regardless of whether it asks for the proper relief."  *Irizarry v. Palm Springs Gen. Hosp.*, 657 F. Supp. 739, 740 (S.D. Fla. 1986).[1]

Moreover, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  All that is required is "a short and plain statement of the claim showing that [MoneyGram] is entitled to relief."  Fed. R. Civ. P. 8(a).  In other words, MoneyGram need not "specifically plead every element of a cause of action."  *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  It is sufficient for the Complaint to "contain inferential allegations from which [the Court] can identify each of the material elements necessary to sustain a

---

[1] On May 22, 2007, Banco Popular filed "supplemental authority" in support of its motion.  Banco Popular cited to a recent U.S. Supreme Court decision, *Bell Atlantic Corp. v. Twombly*, regarding the standard for a Rule 12(b)(6) motion.  *Bell Atlantic* does not change the standard for a Rule 12(b)(6) motion.  Rather, *Bell Atlantic* merely "address[ed] the proper standard for pleading **an antitrust conspiracy** through allegations of parallel conduct."  *Id.*, No. 05-1126, slip op. at 6, 550 U.S. ___ (May 21, 2007) (emphasis added).  The U.S. Supreme Court also reiterated that the federal rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and that a complaint "does not need detailed factual allegations."  *Id.* at 8 (internal quotations omitted).

recovery under some viable legal theory." *Id.* at 684.  MoneyGram has satisfied these liberal notice pleading standards.

## II. MoneyGram Has Properly Stated a Claim for Declaratory Relief

MoneyGram seeks declaratory relief under 28 U.S.C. § 2201(a), which provides in pertinent part as follows:  "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  Specifically, MoneyGram "requests that this Court declare the priority and interest of, including the amounts due to, MoneyGram and Banco Popular in the Pronto Florida Collateral and the Pronto Florida Trust Funds, consistent with their respective agreements with Pronto Florida and applicable law."  (Compl. ¶ 70.)

Banco Popular argues that MoneyGram has not plead the necessary elements for a declaratory relief, which are as follows: (1) an actual or threatened injury, (2) that can be fairly traced to the challenged action, and (3) is likely to be redressed by a favorable decision.  *GTE Directories Publ'g Corp. v. Trimen Am.*, 67 F.3d 1563, 1567 (11th Cir. 1995).  On the contrary, MoneyGram has plead facts from which the Court can identify each of these elements.  **First**, MoneyGram asserts that Banco Popular may claim an interest in some or all of the Pronto Florida Trust Funds and Pronto Florida Collateral.  (Compl. ¶¶ 20, 69.)  This constitutes an actual or threatened injury because MoneyGram claims an interest in that same property.  Indeed, MoneyGram asserts that Banco Popular has possession of some or all of the Pronto Florida Trust Funds which belong to MoneyGram, and has possession of some or all of the proceeds of the Pronto Florida

- 6 -

Collateral in which MoneyGram has a security interest. (*Id.* ¶¶ 28-29.) **Second**, the injury can be traced to the challenged action. Again, MoneyGram claims that Banco Popular may claim an interest in the same property in which MoneyGram claims an interest. (*Id.* ¶¶ 20, 69.) MoneyGram also alleges that Banco Popular knew, or had reason to know, that the funds deposited in the various deposit accounts maintained by Pronto Florida or the Segans included Pronto Florida Trust Funds which were the property of MoneyGram (*id.* ¶ 18), yet Banco Popular unilaterally froze all remaining deposit accounts maintained by Pronto Florida, Pronto Georgia, the Segans, or affiliates of the foregoing (*id.* ¶ 26). MoneyGram alleges that one or more of the Frozen Accounts contains Pronto Florida Trust Funds and/or proceeds of Pronto Florida Collateral. (*Id.* ¶¶ 27-32.) **Finally**, MoneyGram asserts that this injury is likely to be redressed by the Court declaring the priority and interest of, including the amounts due, to MoneyGram and Banco Popular in the Pronto Florida Collateral and the Pronto Florida Trust Funds. (*Id.* ¶ 70.)

Banco Popular also argues that there is no present and immediate need for a declaration because the declaration that MoneyGram seeks is subject to its claims against Pronto Florida and Pronto Georgia and, in deciding the issues relating to these claims, the Court must already necessarily decide the issues for which MoneyGram seeks a declaration. Adjudicating MoneyGram's claims against Pronto Florida and Pronto Georgia, however, will not resolve the issue for which MoneyGram seeks a declaration— i.e., a declaration of the priority and interest of, including the amounts due to, MoneyGram **and Banco Popular** in the Pronto Florida Collateral and the Pronto Florida

Trust Funds. In other words, a decision with respect to MoneyGram's claims against Pronto Florida and Pronto Georgia will not determine the priority and interest of Banco Popular, if any, in the Pronto Florida Collateral and the Pronto Florida Trust Funds.

In addition, Banco Popular also argues that MoneyGram is asking the Court to declare its interest in the Pronto Florida Collateral and the Pronto Florida Trust Funds superior to that of Banco Popular's interest in the same property without asserting that Banco Popular's interest in such property is, in fact, adverse and subordinate. This argument is without merit. MoneyGram alleges that "Banco Popular may claim a security interest or other interest in some or all of the Pronto Florida Collateral or the Pronto Florida Trust Funds." (*Id.* ¶ 69.) By definition, Banco Popular's interest is adverse to that of MoneyGram since MoneyGram claims an interest in the same property. *Aware Woman Ctr.*, 253 F.3d at 684 ("inferential allegations from which [the Court] can identify each of the material elements" is sufficient). As to whose interest is subordinate, that is precisely the controversy before the Court.

Banco Popular further argues that MoneyGram should state a claim for foreclosure of the Pronto Florida Trust Funds and the Pronto Florida Collateral, and name all parties who claim an interest thereto. Banco Popular, however, does not cite any authority for this proposition. Moreover, MoneyGram need not bring a suit for foreclosure— MoneyGram's rights are governed by Article 9 of the Uniform Commercial Code ("UCC"), which allows MoneyGram to foreclose on the Pronto Florida Trust Funds and the Pronto Florida Collateral without court involvement. *See* UCC § 9-601 *et seq.* In any event, a foreclosure would not in and of itself resolve the competing claims to the Pronto

Florida Collateral. Thus, MoneyGram asserts claims for replevin against Pronto Florida and Pronto Georgia and a claim for declaratory judgment against Banco Popular. The replevin claims will allow MoneyGram to recover possession of the Pronto Florida Collateral. *See Huri Enters., Inc. v. Spectacular Midways, Inc.*, 530 So. 2d 956, 957 (Fla. Dist. Ct. App. 1988). Because replevin, however, does not determine title to property, *Wisniewski v. Historical Ass'n of S. Fla., Inc.*, 408 So. 2d 746, 747 (Fla. Dist. Ct. App. 1982), MoneyGram asserts a declaratory judgment claim to determine who is entitled to the Pronto Florida Trust Funds and proceeds of the Pronto Florida Collateral. In sum, MoneyGram's replevin and declaratory judgment claims seek the same outcome as a foreclosure suit—enforcement of MoneyGram's interest.[2] *See Irizarry v. Palm Springs Gen. Hosp.*, 657 F. Supp. 739, 740 (S.D. Fla. 1986) (complaint is sufficient so long as it shows that party "is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief").

### III.     MoneyGram Has Properly Stated a Claim for Constructive Trust

Banco Popular argues that Count XI fails to state a claim for constructive trust because such a claim must be based upon an established cause of action. Specifically, Banco Popular argues that the only other claim against it is a claim for declaratory judgment, which is not a cause of action. MoneyGram, however, alleges that the wrongful conduct of Pronto Florida, Pronto Georgia, and the Segans justify the

---

[2] In other words, the replevin claim along with the declaratory judgment claim effectively plead the same matter as would a claim for foreclosure, albeit in a different form. Requiring MoneyGram to replead its claim as one for foreclosure would be placing form over substance. MoneyGram, however, is willing to replead its claim as one for foreclosure if the Court deems it is necessary.

imposition of a constructive trust over property that is in the possession of Banco Popular. Specifically, MoneyGram asserts claims for breach of contract (Counts I, IV, VII, and VIII) and unjust enrichment (Count IX) against Pronto Florida, Pronto Georgia, and the Segans. These separate, underlying predicate causes of action give rise to a constructive trust claim. *See In re Woolum*, 279 B.R. 865, 870 (Bankr. M.D. Fla. 2002) (breach of a trust agreement may give rise to a constructive trust); *Logie v. J.P. Morgan*, 716 So. 2d 319, 320 (Fla. Dist. Ct. App. 1998) (underlying cause of action was breach of an agreement); *Botsikas v. Yarmark*, 172 So. 2d 277, 278 (Fla. Dist. Ct. App. 1965) (seeking a constructive trust based on a claim of unjust enrichment).

Banco Popular's argument incorrectly assumes that the underlying causes of action must be directed towards the same defendant against whom the constructive trust claim is asserted. Banco Popular has cited no authority (nor can it) supporting this argument. In any event, Florida courts have made clear that "[a] constructive trust may be imposed against a recipient of funds who has not engaged in the wrongful conduct that justifies the imposition of the trust." *Joseph v. Chanin*, 940 So. 2d 483, 487 (Fla. Dist. Ct. App. 2006). Here, the allegations of wrongful conduct that justify the imposition of the constructive trust (i.e., the underlying causes of action for the constructive trust claim) need not be asserted against Banco Popular. A constructive trust may be imposed against Banco Popular as the recipient of the funds at issue.

Banco Popular also argues that MoneyGram has not plead the four elements of a constructive trust: (1) a promise, express or implied; (2) a transfer of property or reliance

thereon; (3) a confidential relationship; and (4) unjust enrichment.[3]  *Bergman v. Slater*, 922, So. 2d 1110, 1112 (Fla. Dist. Ct. App. 2006).  A review of the Complaint proves otherwise.

**First**, MoneyGram asserts the existence of promises in the various trust agreements and guaranties described in the Complaint.  (*See*, *e.g.*, Compl. ¶¶ 9, 10 (promises in the Pronto Florida Trust Agreement), ¶¶ 12, 13 (promises in the Pronto Georgia Trust Agreement), ¶ 14 (promises in the Pronto Florida Guaranty), ¶ 15 (promises in the Pronto Georgia Guaranty).)  **Second**, MoneyGram alleges that, in reliance on the Pronto Florida Trust Agreement and the Pronto Georgia Trust Agreement, proceeds from the sale of MoneyGram's money orders were transferred to Pronto Florida and Pronto Georgia to be held in trust for the benefit of MoneyGram.  (*See, e.g.*, *id.* ¶¶ 8, 11.)  **Third**, MoneyGram asserts a confidential relationship between MoneyGram and Pronto Florida and Pronto Georgia: Pronto Florida and Pronto Georgia agreed to hold in trust for the benefit of MoneyGram all proceeds related to the sale of MoneyGram's money orders.  (*Id.* ¶¶ 9, 12.)  *See In re Woolum*, 279 B.R. at 870 ("[A] constructive trust can arise where a conveyance is induced on the agreement of a fiduciary or confidant to hold property in trust for a reconveyance or other purpose where the fiduciary or confidential relationship is one upon which there is justifiable and actual reliance and where the agreement is breached.")  **Finally**, MoneyGram alleges that Pronto Florida and Pronto Georgia have been unjustly enriched by, among other things, their failure to remit

---

[3]  Again, Banco Popular's argument with respect to these four elements are based on the faulty assumption that the predicate causes of action must be alleged vis-à-vis Banco Popular.

- 11 -

the Pronto Florida Trust Funds and the Pronto Georgia Trust Funds to MoneyGram. (Compl. ¶¶ 63-67.)

Finally, Banco Popular argues that MoneyGram has not plead "extraordinary circumstances" that would warrant the imposition of a constructive trust. Banco Popular misrepresents the law. Florida courts do not require a showing of "extraordinary circumstances" for a constructive trust. Rather, they have stated that a constructive trust is an extraordinary **remedy**, meaning that courts should not employ it if an action at law would permit recovery. *See Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. Dist. Ct. App. 2005).

### IV. If the Court Grants Banco Popular's Motion to Dismiss, the Court Should Grant Dismissal Without Prejudice to Allow MoneyGram an Opportunity to Submit a Memorandum of Law in Support of Its Motion for Leave to Amend the Complaint

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 Fed. Appx. 335, 337 (11th Cir. 2006) (internal quotations omitted). "The Supreme Court has emphasized that leave to amend **must** be granted absent a specific, significant reason for denial . . . ." *Id.* (emphasis added and internal quotations omitted). Reasons that can justify denial of leave to amend include undue delay, bad faith or dilatory motive by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Id.* Moreover, "a plaintiff has the right to amend a complaint at least

once to eliminate any deficiencies." *United States v. Holy Cross Hosp., Inc.*, 2006 U.S. Dist. LEXIS 75690, at *36 (S.D. Fla. 2006). Here, in the event the Court grants Banco Popular's motion to dismiss, MoneyGram respectfully requests that dismissal be granted without prejudice to allow MoneyGram an opportunity to submit a memorandum of law in support of its Alternative Motion for Leave to Amend the Complaint filed contemporaneously herewith, which will include a proposed First Amended Complaint addressing any pleading deficiencies which the Court may find.

## **CONCLUSION**

For the reasons set forth above, Plaintiff MoneyGram Payment Systems, Inc. respectfully requests that this Court deny Defendant Banco Popular North America's motion to dismiss Counts X and XI in the Complaint or, in the alternative, that dismissal be granted without prejudice to allow MoneyGram an opportunity to submit a memorandum of law in support of its Alternative Motion for Leave to Amend the Complaint.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

| | |
|---|---|
| Dated:  May 24, 2007<br>Miami, Florida | GENOVESE JOBLOVE & BATTISTA<br>Bank of America Tower<br>100 S.E. Second Street, 44th Floor<br>Miami, Florida  33131<br>Telephone:     (305) 349-2300<br>Facsimile:      (305) 349-2310<br><br>By s/Nina Greene Kersh<br>     Michael D. Joblove<br>     Florida Bar No. 354147<br>     mjoblove@gjb-law.com<br>     Nina Greene Kersh<br>     Florida Bar No. 072079<br>     nkersh@gjb-law.com<br><br>Kathryn Bergstrom (Minn. ID 2184321)<br>Phillip Bohl (Minn. ID 139191)<br>June Pineda (Minn. ID 033330X)<br>GRAY, PLANT, MOOTY,<br>MOOTY & BENNETT, P.A.<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, Minnesota 55402<br>Telephone:     (612) 632-3000<br>Facsimile:      (612) 632-4444<br>Counsel for Plaintiff |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Nina Greene Kersh
Nina Greene Kersh

## **SERVICE LIST**

**MoneyGram Payment Systems, Inc. v. Pronto Cash of Florida, Inc., et al.**
**07-20978-CIV-MARTINEZ/BANDSTRA**
**United States District Court, Southern District of Florida**

Michael D. Joblove, Esq.
mjoblove@gjb-law.com
Nina Greene Kersh, Esq.
nkersh@gjb-law.com
Genovese Joblove & Battista, P.A.
Bank of America Tower, 44th Floor
100 Southeast Second Street
Miami, Florida  33131
Telephone:     (305) 349-2300
Facsimile:      (305) 349-2310
*Attorneys for Plaintiff MoneyGram Payment Systems, Inc.*

Jose A. Casal, Esq.
jose.casal@hklaw.com
Antonio DeJesus Morin, Esq.
antonio.morin@akerman.com
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami FL 33131
Telephone:     (305) 374-8500
Facsimile:      (305) 789-7799
*Attorneys for Defendant Banco Popular North America*

Steven E. Chaykin, Esq.
steven.chaykin@akerman.com
Akerman Senterfitt
One Southeast Third Avenue
25th Floor
Miami, Florida  33131-1714
Telephone:     (305) 374-5600
Facsimile:      (305) 374-5095
*Attorneys for Defendants Pronto Cash of Florida, Inc.,*
*Pronto Cash of Georgia, Inc., Adam Segan and Judith Segan*